CHARLES J. SMITH, PLAINTIFF-APPELLEE, v. ERIE RAIL-
ROAD COMPANY, INCORPORATED, DEFENDANT-AP-
PELLANT.

Decided January 4, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the appellant, *Hobart & Minard.*

For the appellee, *Howe & Davis* (*Edward L. Davis,* of
counsel).

PER CURIAM.

There was a judgment for the plaintiff below, against the
defendant below in the District Court of the city of Orange,
for the sum of $290, and costs. The case was tried before the
court, sitting with a jury.

The facts, out of which grows the present controversy, are
as follows: On March 31st, 1928, the plaintiff was driving an
automobile truck in a northerly direction on Kearny street,
East Orange. As he approached the crossing on Kearny
street, and within about a hundred feet of the crossing, he
came to a complete stop. There were two other automobiles
ahead of him, standing still, and a train of the appellant
company was in the act of passing over the crossing.

According to the testimony of the plaintiff, the driver of
the truck, when he approached the track and brought his
truck to a stop, saw no flagman at the crossing, the view of

the latter being obscured by the passing train. But after the
train had completely passed over the crossing, the plaintiff
observed the flagman with a "stop sign" in his hand. The
flagman stepped to one side of the road and beckoned to the
occupants of the three automobiles in waiting, to come on.
The two automobiles ahead of the plaintiff's truck, and the
plaintiff himself, in obedience to the flagman's signal, pro-
ceeded onward, and when the plaintiff's truck got on the track,
a train, coming from the opposite direction struck the
plaintiffs truck and damaged it.

Of the seven specifications of errors presented by the appel-
lant for a reversal of the judgment, five are relied on to that
end.

First, it is argued that the trial judge erroneously denied
the motion for a nonsuit interposed on behalf of the appellant
at the close of the plaintiff's case. We think the motion was
properly denied. The appellant's flagman stood in the place
where he could observe the condition of the tracks, and the
movements of trains, coming in either direction. The plaintiff
was justified in relying upon the invitation given by the flag-
man to come ahead, and that it was safe for him to cross the
tracks.

It is conceded, that the plaintiff kept his eye on the flagman
from the time he started, up to the time the truck was struck
by the train of the appellant company, which latter event,
according to the testimony, was due to the negligence of the
flagman, who, by his invitation to the plaintiff to come on
brought him into a place of danger. At any rate, under the
statute of 1909 the alleged contributory negligence of the
plaintiff is for the jury to decide.

It is further urged, on behalf of the appellant, that the
nonsuit should have been granted, because there was no evi-
dence of damage done to the truck. This assertion is contrary
to the facts.

The second specification of error relied on for a reversal is
that the court erroneously denied the motion of defendant
appellant for a direction for a verdict in its favor at the close
of the entire case.

The same reasons which were urged for the nonsuit were presented and argued for a directed verdict for the defendant-appellant. There was no change in the posture of the case from what it was at the close of the plaintiff's case, and the question of negligence of the defendant-appellant, and of the alleged negligence of the plaintiff, were factual questions for the jury to determine.

The third specification of error relied on for reversal is, that the court erroneously permitted the following questions to be put to the witness, Haberlin, by plaintiff's counsel: "Did you make an estimate?" "What did you find to be the condition of the body of that truck?"

Haberlin was a body-builder of automobiles, and had been engaged in the business for forty odd years. He examined the truck about two weeks after the accident. There was proof that the truck was in the same condition, at the time Haberlin examined it, as it was immediately after the truck was hit by the train.

The testimony showed that the body of the truck was broken up. The argument made, on behalf of appellant, against the admissibility of the evidence which was offered is, that there was no evidence of the condition of the automobile before the accident. This assertion is also contrary to the fact.

Lastly, it is argued that the trial judge erroneously charged the jury: "If you decide that the defendant was negligent, and that the plaintiff did not contribute to the accident, on the question of damages, you would take into consideration the evidence of the witnesses on that point and fix such amount as you consider has been proved."

Counsel nowhere points out in what respect any of these statements is erroneous in law. We find no error.

Judgment is affirmed, with costs.